**SEALED**

CLERK'S OFFICE U.S. DIST. COURT
~~AT ABINGDON, VA~~
FILED

MAR 13 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. 1:19mj37
2635 Everett Street )
Apartment 1 )
Bristol, VA )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ____Western____ District of ____Virginia____ *(identify the person or describe property to be searched and give its location):* 2635 Everett Street, Apartment 1, Bristol, VA (to include the person of Tanner Dear and vehicles present that are operated by/under the control of Tanner Dear). Attachment A consists of a photograph of the structure housing Apartment 1.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21__ U.S.C. § __846/841(a)(1)__ , and the application is based on these facts:  See Attachment C       and/or    841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/13/19

*Judge's signature*

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



2635 Everett St, Bristol, VA

ATTACHMENT B

1. Marijuana distribution paraphernalia including (but not limited to) scales, plastic baggies, wrapping material; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of marijuana.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of marijuana. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting marijuana, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with marijuana.

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (cashier's checks, prepaid money/credit cards, money orders, gold, diamonds, precious jewels, etc.)

9. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for the premises known as 2635 Everett Street, Apt. 1, Bristol, VA. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of marijuana and/or conspiracy to distribute marijuana at 2635 Everett Street, Apt. 1, Bristol, VA in violation of 21 USC 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (27) years. During my employment I have received comprehensive classroom training from the Drug Enforcement Administration in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of controlled substances, including marijuana. I have also executed hundreds of search warrants related to the trafficking and manufacturing of controlled substances, including marijuana.

4. The facts set forth in this affidavit are known to me as a result of information provided to me by other law enforcement officers.

5. A review by law enforcement of recorded telephone calls between a jail inmate or inmates at multiple jail facilities and Tanner Dear during 2019 revealed the following:

   - During January 2019, Tanner Dear claimed that he was a marijuana trafficker.

   - During January 2019, Tanner Dear expressed concern about federal law enforcement becoming aware of his possession of a large quantity of United States Currency (USC).

   - During January 2019, Tanner Dear discussed the collection of drug monies owed and the coordination/logistics of future drug transactions. These discussions were not necessarily about marijuana in particular.

   - During February 2019, Tanner Dear discussed the idea of going to see his probation officer to inquire if said probation officer would place Dear in jail for a month so that Dear would stop using pills (interpreted to mean prescription drugs) and marijuana.

- During mid-February 2019, Tanner Dear and an inmate at the Bristol Virginia Jail discussed/coordinated the smuggling of marijuana (referred to as "greenery"), "telephone poles" (slang term for Alprazolam tablets - Alprazolam is a Schedule IV Controlled Substance), and tobacco into the jail facility. [A timely review of this telephone call and other calls between the inmate and another person(s) involved with this conspiracy to smuggle contraband into the jail facility enabled law enforcement to intercept the marijuana and tobacco prior to entry into the jail facility. No Alprazolam tablets were encountered/seized.]

6. A review of Tanner Dear's criminal history revealed his 2016 arrest for possession of a Schedule I Controlled Substance, Possession of Cocaine, Trafficking in Cocaine, Illegal Drugs, Marijuana, or Methamphetamine, Purchase / Possession / Manufacture / Distribution/or Sale of Marijuana, and Crossing State/County Guard Lines with Weapons, Intoxicants, Drugs Without Consent. Dear was subsequently found guilty of Possession With Intent to Distribute BK-DMBDB (a Schedule I Controlled Substance) on Feburary 15, 2018 and sentenced to (10) years of probation. Dear is currently on probation and has a 4th Amendment waiver.

7. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who conspire to distribute marijuana typically maintain marijuana, marijuana distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to marijuana trafficking related contacts/co-conspirators), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons, inside their residences, garages, outbuildings/barns, campers, and vehicles or vehicles they operate and/or over which they have control.

8. Tanner Dear's known residence is 2635 Everett Street, Apt. 1, Bristol, VA (located within the Western District of Virginia).

9. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 2635 Everett Street, Apt. 1, Bristol, VA as there is probable cause to believe that there is evidence of a violation of 21 USC 841(a)(1) and 846/841(a)(1) at said premises.

_____  3-13-2019
Brian Snedeker, Special Agent (DEA)   Date

Subscribed and sworn to before me, this the 13th day of March, 2019.
in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Seen by:

_____    _____3/13/19_____
Cagle Juhan, AUSA                           Date